UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61703-CIV-SINGHAL

CHG MEDICAL STAFFING, INC.,
d/b/a RNNETWORK a Delaware Corporation,

    Plaintiff,

v.

RACHEL SHAFER, an individual,
LISLEY ROSSI, an individual,
AHS STAFFING, LLC, an Oklahoma Limited
Liability Company,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant AHS Staffing, LLC's ("AHS") Motion to Dismiss or Transfer (DE [22]) and Motion to Stay (DE [31]). Both motions ask the Court to either dismiss the case or transfer it to Utah as required by the forum-selection clause in the employment agreement between Plaintiff CHG Medical Staffing Inc. ("Plaintiff" or "CHG") and its former employees, Defendants Rachel Shafer ("Shafer") and Lisley Rossi ("Rossi"). (DE [1-2]) (Exhibit A – Employment Agreement). For the reasons discussed below, AHS's motions are denied.

At first blush, AHS raises a convincing argument. Smack in the middle of the employment agreements between CHG and Shafer and between CHG and Rossi is a forum selection clause that clearly states:

> Each party hereto (i) agrees that any legal suit, action or proceeding arising out of or relating to this Agreement shall be instituted exclusively in the courts of the State of Utah or of the United States of America located in the State of Utah, Salt Lake County; (ii) waives any objection that such party may have now or hereafter to the venue of any such suit, action or proceeding; and (iii) irrevocably consents and submits to the personal jurisdiction of the courts of the State of Utah and the United States of

>America located in the State of Utah, Salt Lake County, in any such suit, action or proceeding.

(DE [22] at 6) (citing (DE [1-2] at 8)).  Considering that this case arises out of restrictive covenants found in this employment agreement, it would seem like this Court has no choice but to transfer the case to either the courts of the State of Utah or of the United States of America located in the State of Utah, Salt Lake County.

But, there's a catch.  AHS was not a signatory to the employment agreements between CHG and Defendants Shafer and Rossi.  As such, it does not have the ability to enforce the forum-selection clause in the employment agreement. *See Liles v. Ginn-La West End, Inc.*, 631 F.3d 1242, 1256 (11th Cir. 2011) ("As a contractual right, a forum-selection clause cannot ordinarily be invoked by or against a party who did not sign the contract in which the provision appears.") (citation omitted).  Without the ability to enforce the forum-selection clause, AHS is unable to walk into this Court and demand that the entire case be dismissed or transferred to another venue when the Southern District of Florida is otherwise a suitable location for the lawsuit.[1]

Even though AHS does not have the ability to enforce the forum-selection clause, CHG, Shafer, and Rossi all do.  None of them, however, decided to enforce it.  CHG elected not to in filing its complaint in the Southern District of Florida.  (DE [1]).  Rossi waived the ability to enforce the clause when she agreed in principle to settle the claims against her and stipulated to the entry of a Permanent Injunction by this Court.  (DE [25]).  And Shafer waived the ability to enforce the forum-selection clause when she filed her

---

[1] To be sure, the Eleventh Circuit has recognized narrow exceptions to this rule that allows non-signatories to enforce contract provisions.  For instance, if a party is closely related to the dispute such that it becomes foreseeable, when the contract was drafted, that it will be bound, such non-party can enforce a contract provision.  *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998).  But AHS, in its Motion to Dismiss or Transfer and its Motion to Stay, did not put forward any argument as to why it has standing to enforce the forum-selection clause.  The only cases it cites discuss the ability to generally enforce a forum-selection clause.  The Court therefore need not consider whether AHS would satisfy one of these exceptions.

own motion to dismiss but did not argue that the case should be transferred to Utah pursuant to the forum-selection clause. Thus, because no signatory to the contract seeks to enforce the forum-selection clause and AHS does not have standing to enforce it itself, the Court will deny AHS's motions. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant AHS's Motion to Dismiss or Transfer (DE [22]) and Motion to Stay (DE [31]) are **DENIED**. The case will proceed with the hearing on Plaintiff's Motion for Preliminary Injunction on October 31, 2023 at 10:00 AM.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of October 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF