UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61703-CIV-SINGHAL/VALLE

CHG MEDICAL STAFFING, INC.
d/b/a RNNETWORK, a Delaware
Corporation,

    Plaintiff,

v.

RACHEL SHAFER, an individual,
LISLEY ROSSI, an individual,
AHS STAFFING, LLC, an Oklahoma Limited
Liability Company

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff, CHG Medical Staffing, Inc. d/b/a RNnetwork ("RNN"), by and through its undersigned counsel, files this Reply in Support of its Motion for Leave to File Amended Proposed Findings of Fact and Conclusions of Law [D.E. 78] (the "Motion"), and in support thereof, states as follows:

**I.  Shafer Fails to Proffer Any Support For Her Claim Leave Should Be Denied.**

RNN's Motion should be granted because Shafer fails to present any authority or argument justifying why RNN's request for leave to amend should not be granted. As an initial matter, leave to amend is routinely granted when a party raises new matters before the Court. *See e.g. Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005) (leave should be granted when it is necessary for the moving party "to address new matters raised in a reply, to

which [the moving] party would otherwise be unable to respond."). It was not until after RNN filed its Proposed Findings of Fact and Conclusion of Law [D.E. 74] that Shafer filed her Findings of Fact [D.E. 75] and a supporting declaration raising entirely new facts and legal argument not previously raised before the Court in any filing or during the injunction hearing. RNN was not provided with any advance notice about these additional matters before it filed its Proposed Findings of Fact and Conclusions of Law. As such, RNN should be given leave to amend its Proposed Findings of Fact and Conclusion of Law.[1]

## II. Shafer's Arguments Are Founded on Demonstrable Misstatements of Fact

Rather than providing any authority to support a denial of RNN's request, Shafer simply argues with RNN's position about her deletion of evidence, asserting various misstatements of fact. First, contrary to her attorney's argument in Shafer's Response, the record is clear that RNN never asked Shafer to delete any Working and Awaiting ("W&A") spreadsheet at the hearing on its Motion for Preliminary Injunction. Indeed, Shafer conceded this fact. *See* Day 2 (109:7-8 ("you told me not to delete anything"). Shafer also claims in her Response that she only had one W&A spreadsheet – the Week 10 W&A Spreadsheet – in her possession. Shafer, however, testified during the injunction hearings that she routinely emailed these spreadsheets to herself on a weekly basis and indicated she should have countless W&A spreadsheets in her possession. Day 2 (84:8-13) ("I sent [a W&A spreadsheet] to myself every single week").

Additionally, Shafer argues that she was under no obligation to preserve the W&A spreadsheets during this lawsuit, despite that RNN admitted them into the record as key evidence during the injunction hearings. Shafer's contention is a <u>direct violation</u> of the Federal Rules of

---

[1] Shafer cites to *TransUion Risk and Alternative Data Solutions, Inc. v. Challa*, 676 Fed. Appx. 822 (11th Cir. 2017); however, *Challa* is inapposite, as it does not involve a request for leave to amend, nor does the case discuss a request for a forensic review.

Civil Procedure. *See e.g.* Fed. R. Civ. P. 37(e) - Failure to Preserve Electronically Stored Information. In fact, Shafer's deletion of evidence not only violates the Federal Rules of Civil Procedure, it also is contrary to the Court's clear instruction on October 31, 2023 to preserve the status quo:

> Mr. Hecht, you know, right at this point some more evidence has come out, including those lists which, you know, your client's in possession of. It's probably good just to have a talk with her just so that nothing happens between now and next Tuesday in terms of more use, if there is any use of it. ***It would just be best to kind of sit on things and keep us in status quo***.

Day 1 (149: 3-9) (emphasis added).

### III. Shafer Misrepresents RNN's Request for a Forensic Review as a Sanction

Shafer attempts to argue that RNN's request for a forensic review is a sanction for spoliation of evidence. RNN, however, requested the Court to order the forensic review long before Shafer's destruction of evidence. RNN is not asking the Court to impose sanctions at this time for Shafer's deletion of the W&A Spreadsheets. Instead, RNN is requesting that Shafer's *admitted* deletion of the W&A Spreadsheets be considered by the Court in ruling on RNN's request for a forensic investigator to review and forensically remove all of RNN's trade secrets from Shafer's devices and cloud storage accounts. That Shafer's claim she deleted evidence – while the issue of the appropriateness for a forensic review was pending before the Court – is a key fact which should be weighed by the Court. Shafer's decision to delete all W&A spreadsheets in her possession in the days following the conclusion of the hearing on RNN's Motion for Preliminary Injunction will only frustrate RNN's efforts to uncover the full extent of Shafer's misappropriation activities. Absent a forensic review, key evidence may be lost forever, for all of the reasons set forth in RNN's Motion. As such, leave to amend (and the order of a forensic investigation) is appropriate.

CASE NO. 23-61703-CIV-SINGHAL/VALLE

## IV. Shafer's Claim Counsel Failed to Confer Prior to Filing the Motion is False

Finally, Shafer argues that RNN's Motion should be denied on the grounds that RNN failed to confer regarding the relief sought in the Motion. Shafer's argument, however, is belied by her admission that counsel <u>did</u> confer prior to filing the Motion. Her sole gripe is that RNN did not show her a draft of the Motion before filing. Nevertheless, as indicated in the Motion, RNN's counsel did confer with Shafer's counsel, and Shafer clearly opposes the relief sought therein.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiff, CHG Medical Staffing, Inc. d/b/a RNnetwork, respectfully requests that this Honorable Court grant its Motion giving RNN leave to file its Amended Proposed Findings of Fact and Conclusion of Law, in addition to such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: December 18, 2023        Respectfully submitted,

*s/ Adam Schultz*
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
Email: *jennifer.schwartz@jacksonlewis.com*
Adam Schultz, Esq.
Florida Bar No. 121111
Email: *adam.schultz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for the Plaintiff*

CASE NO. 23-61703-CIV-SINGHAL/VALLE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on December 18, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam Schultz*
Adam Schultz, Esq.

## SERVICE LIST

John Cody Berman
Florida Bar No.: 58654
E-mail: *cody.german@csklegal.com*
Justin S. Maya, Esq,
Florida Bar No. 126087
E-mail: *justin.maya@csklegal.com*
Horancio Ruiz-Lugo, Esq.
Florida Bar No.:1048967
Email: *Horacio.Ruiz-Lugo@csklegal.com*
COLE, SCOTT & KISSANE, P.A.
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6415
Alternative E-mail:
*nicolle.quant@csklegal.com*
*Ieshia.ownes@csklegal.com*

*Counsel for Defendant AHS Staffing, Inc.*

Shlomo Y. Hecht, Esq.
Florida Bar No.: 127144
E-mail: *sam@hectlawpa.com*
SHOLMO Y. HECHT, P.A.
3076 N. Commerce Pkwy.
Miramar, Florida 33025
Telephone: (954) 861-0025

*Counsel for Defendant Rachel Shafer*

Jennifer Schwartz, Esq.
Florida Bar No. 502431
E-mail: *Jennifer.schwartz@jacksonlewis.com*
Adam Schultz, Esq.
Florida Bar No. 121111
E-mail: *adam.schultz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Plaintiff*

Gregory Sconzo, Esq.
Florida Bar No.:
E-mail: *greg@sconzolawoffice.com*
SCONZO LAW OFFICE, P.A.
3825 PGA Blvd., Suite 207
Palm Beach Gardens, Florida 33410

*Counsel for Defendant Lisley Rossi*