IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61703-CIV-SINGHAL/VALLE

CHG MEDICAL STAFFING, INC.
d/b/a RNNETWORK, a Delaware
Corporation,

    Plaintiffs,

v.

RACHEL SHAFER, an individual,
LISLEY ROSSI, an individual,
AHS STAFFING, LLC, an Oklahoma Limited Liability Company,

    Defendants.
_____/

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER BETWEEN PLAINTIFF AND DEFENDANT AHS STAFFING, LLC[1]

WHEREAS, CHG Medical Staffing, Inc. d/b/a RnNetwork, and AHS Staffing, LLC (the "Parties") desire to protect their confidential, trade secret and sensitive information from public disclosure;

WHEREAS, it is anticipated that the Parties will be producing documents, information, and testimony during this action that the producing party regards as proprietary or otherwise confidential;

WHEREAS, the Parties desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of such actions or proceedings; therefore,

---

[1] Counsel for Defendant Rachel Shafer refuses to participate in the preparation of a joint confidentiality agreement and protective order. Consequently, this Stipulated Agreement is solely between RNN and AHS. No documents or information will be provided to Shafer by RNN or AHS until Shafer is bound by a similar confidentiality order.

The Parties believe that it would be appropriate for discovery in this suit to proceed under a protective order of the Court according to the terms below.  Accordingly, it is hereby

**ORDERED** that all Parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.[2]

1. **Designation of Confidential Matter**.  Information or documents that may be produced in response to requests of any party, including without limitation, deposition testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential materials, including the sensitive information of third parties, may be designated as "Confidential Matter" by counsel for any party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client.  Discovery responses that contain "Confidential Matter" can be so designated by any party.

2. **Manner of Designation**.  Designation of "Confidential" shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence.  Any confidential designation that is

---

[2] The court has not modified the language in the parties Proposed Stipulated Confidentiality Agreement and Protective Order (DE [77]).

inadvertently omitted, or that was not placed on documents prior to this Stipulation, may be corrected by written notice to opposing counsel, whereupon such documents shall become "Confidential," and the confidential designation shall be placed on such documents to the extent practicable.

    3.    **Scope**.  The limitation of prohibition of this Stipulation shall apply to:

    (A)   all information designated as Confidential pursuant to this Stipulation;

    (B)   portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as Confidential where so requested by the Party seeking to maintain Confidential designation; and

    (C)   portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as Confidential.

    4.    **Disagreement Between the Parties About Confidential Designation**.  If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential in accordance with this Stipulation, then the Party may challenge the confidential designation, but the party will continue to treat the document or information as Confidential unless and until either (a) an order of the Court has been entered providing that such challenged Confidential may be used or disclosed in a manner different from that specified in this Stipulation and such order becomes enforceable; or (b) the Parties have agreed in writing to use the Confidential information in a manner different from that specified in this Stipulation.  Should a Party challenge the propriety of designating particular information as "Confidential," the burden shall be on the party that designated the material as "Confidential" to establish the grounds for confidential treatment of the particular information.  Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve

the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Stipulation. All affected Parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

5. **Restriction on Use of Confidential Matter**. No Confidential matter produced in response to any party's discovery requests shall be used, communicated, or shared by any party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter, or any appeals therefrom.

6. **Authorized Persons**. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A) Counsel for the Parties to whom it is necessary that confidential information be shown for purposes of this proceeding;

(B) Parties and employees of each party to whom it is necessary that confidential information be shown for purposes of this proceeding;

(C) Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that confidential information be shown for purposes of assisting in such preparation;

(D) The Court or persons employed by the Court;

(E) Duly qualified court reporters and videographers participating in these proceedings;

(F) Persons who were the authors or recipients of the documents in the ordinary course of business;

(G) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(H)  Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Stipulation, the receiving party must notify the Authorized Person of this Stipulation and have the Authorized Person sign the acknowledgment attached as Exhibit A.  No Authorized Person who receives or examines any item produced pursuant to this Stipulation shall disseminate orally, in writing, or by any other means any "Confidential" matter to any person who is not an Authorized Person.

If a party desires to disclose confidential matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that party must notify the other Parties to see if there is any objection, and if there is an objection, the party seeking to disclose the confidential matter must first obtain Court approval.

7. **Restrictions on Reproduction of Confidential Matter**.  There shall be no reproduction of matter, documents or information marked "Confidential," except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom.  However, copies and excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Stipulation.  Confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating party at the end of the litigation in compliance with this Stipulation.

8. **Restrictions on Dissemination**.  No person who examines any item produced pursuant to this Stipulation shall disseminate orally, in writing or by any other means any "Confidential" information or documents to any person not authorized to receive it under the terms of this Stipulation.

9. **Use in Depositions**.  During a deposition, a deponent may be shown, and examined about "Confidential" matter.  Prior to such examination, if the deponent is not already a person authorized to view matter designated as "Confidential," the deponent shall be given a copy of this Stipulation and shall be bound by it.  At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "Confidential."  Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Stipulation, and the title page of the transcript shall state "Contains Confidential Information."

10. **Filing with the Court**.  Any "Confidential" matter that is within the scope of Rule 1.280(c)(7), such as trade secrets, financial information, tax returns, and medical records must only be filed under seal.  If a party desires to file documents with the Court that do not fall under Rule 1.280(c)(7), that the party knows the opposing party does not want filed with the Court unless filed under seal, the party desiring to file any such documents shall not file them without first notifying the opposing party of the filing. Moreover, concerning matter marked "Confidential" that is within the scope of Rule 26(c)(1)(7), such as trade secrets, financial information, tax returns, and medical records,

counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(7).  If counsel believes that information has been misdesignated, counsel may contest the designation with the Court.  A party that believes that any other "Confidential" matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11. **No Waiver of Privilege or Confidentiality**.  The production of documents designated "Confidential" for inspection and note-taking shall not constitute a waiver of any party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12. **Declassification**.  Any of the Parties (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as "Confidential."  The person or entity that designated the document(s) as confidential shall be given notice and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

13. **Return of Confidential Matter**.  Within twelve (12) months after termination of this and any related action, including appeals and retrials, copies of all matter designated as Confidential shall either be destroyed, or upon request of Defendants' counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendants or Plaintiff at that party's expense.

Counsel for the respective party shall certify in writing upon request that such Confidential matter has been destroyed or returned.

14. **Scope of Order**.  This Stipulation applies only to pretrial proceedings in this action, including any pretrial appeals.  Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court.  In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

15. **No Admissions**.  Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action.  This Stipulation is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

16. **Settlement, Judgment, or Other Disposition**.  This Stipulation shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Stipulation after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal.  Following such final termination, each party or other person subject to the terms of this Stipulation shall be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

17. **Party's Own Use**.  This Stipulation has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

18. **HIPAA Documents**. Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of December 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

THE UNDERSIGNED has read and understands the terms of the Stipulated Confidentiality Agreement and Protective Order, and has been designated by _____ [INSERT NAME OF PARTY] as an Authorized Person under the terms of the Stipulation. Individually, and on behalf of _____ [INSERT NAME OF EMPLOYER], I agree to be bound by the terms of the Stipulated Confidentiality Agreement and Protective Order.

Signature:

_____

Print Name:

_____

Date Signed:

_____