UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61703-CIV-SINGHAL/VALLE

CHG MEDICAL STAFFING, INC.
d/b/a RNNETWORK, a Delaware
Corporation,

    Plaintiff,

v.

RACHEL SHAFER, an individual,
LISLEY ROSSI, an individual,
AHS STAFFING, LLC, an Oklahoma Limited
Liability Company

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT RACHEL SHAFER'S MOTION
FOR CLARIFICATION ON COURT FORENSIC EXPERT ORDER**

Plaintiff, CHG Medical Staffing, Inc. d/b/a RNnetwork ("RNN"), by and through its undersigned counsel, responds to Defendant Rachel Shafer's ("Shafer") Motion for Clarification on Court Forensic Expert Order [D.E. 89], and in support thereof states as follows:

**PRELIMINARY STATEMENT**

On December 19, 2023, the Court entered an order [D.E. 86] (the "Order"), which addressed, among other things, Shafer's admitted spoliation of relevant evidence after the conclusion of the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. Because Shafer's non-professional deletion of evidence may have left traces of RNN confidential information and trade secrets on her devices or in the cloud, the Order required Shafer to disclose her computers, hard drives, memory devices, and all other devices in her possession to an agreed upon third party forensic expert on or before December 26, 2023 for the same to be imaged,

searched, and wiped of all potential confidential information and trade secrets (the "Forensic Examination"). The Order was clear that Shafer's failure to comply with the Order will result in further sanctions.

The Parties agreed to third-party forensic expert Jesus Pena of e-forensics, Inc. to image Shafer's devices and email accounts and to wipe RNN's information from them. Shafer has provided Mr. Pena with a laptop computer and a cell phone to be imaged. Shafer also provided Mr. Pena credentials to her [rachelshafer@gmail.com](rachelshafer@gmail.com) email account, which is the primary email account to which she forwarded RNN confidential and trade secret information from RNN's secure server. However, Shafer's email account has not been imaged because she refuses to pay for the expert to perform the imaging.

Additionally, Shafer has refused to provide the expert credentials for another one of her email accounts (rachelchap96@gmail.com), despite the fact that she emailed RNN confidential documents to that email address from RNN's server on March 9, 2023. In refusing to provide credentials for the rachelchap96@gmail.com, Shafer has claimed, through counsel, that the email address does not belong to her, without providing any other detail as to whom it belongs and why she transferred confidential RNN documents to that account. Thus, none of Shafer's email accounts have been preserved or imaged to date because Shafer has refused to pay for the forensic expert to image the email cloud storage accounts.

Shafer has filed the instant Motion requesting clarification as to which party should pay for the Forensic Examination. RNN believes that the Order is sufficiently clear, as it requires Shafer to turn over her devices and cloud accounts to determine "where the documents that Shafer claims she deleted were located, what the actual documents were, and whether the data could have been transferred to any other persons or locations, among other missing facts" as well as "to attempt to

obtain this potentially lost information and **to ensure that Shafer does not tamper or destroy any other evidence relevant to this case**." [D.E. 86] (emphasis added). Simply giving the Shafer's devices and email password to the forensic expert without engaging him to image and preserve the data before she makes further deletions does not comport with the intent of the Order. However, to the extent that the Court finds that clarification is warranted, RNN requests that the Court enter an order clarifying that (i) Shafer should pay for the expenses associated with the imaging of her devices and email accounts, as well as for the Forensic Examination, because it was her spoliation that caused the examination to be ordered, (ii) the Forensic Examination should include both of Shafer's cloud email accounts - the rachelchap96@gmail.com and rachelshafer@gmail.com email addresses - since she emailed confidential, trade secret information of RNN from RNN's secure server to both of those email addresses; (iii) the temporal scope of the Forensic Examination should be from January 1, 2023 to the present given Shafer's testimony at the hearing that she had been emailing herself RNN nurse client lists with related data for years prior to March 2023; and (iv) the Parties should agree on a forensic protocol for the forensic expert to follow in performing the Forensic Examination.

## ARGUMENT AND SUPPORTING MEMORANDUM OF LAW

I.  **Shafer Should Pay for the Expenses Associated with the Forensic Examination.**

Shafer argues that RNN should pay for the expenses associated with the Forensic Examination of her devices and email accounts, claiming that such expenses are allegedly a litigation cost of RNN. In making this argument, Shafer ignores that it was her admitted spoliation of key evidence in the case that prompted the Court's Order. *See* Order [D.E. 86] ("the Court is extremely concerned about the destruction of evidence relevant to this case."). That RNN requested a Forensic Examination as a form of relief in its Motion for Preliminary Injunction is of no consequence. Indeed, the Court ordered the Forensic Examination in

3

response to Shafer's sworn admissions that she deleted evidence, as opposed to as a form of relief requested in RNN's Motion for Preliminary Injunction. Where a forensic review is ordered because a party has spoliated evidence, the cost of the forensic review generally is taxed on the spoliating party. *See, e.g., HealthPlan Servs. V. Dixit*, Case No.: 8:18-cv-2608-T-23AAS, 2020 U.S. Dist. LEXIS 36393, *10 (M.D. Fla. March 3, 2020) (ordering defendant to pay the forensic expert's costs after defendant was ordered to turnover hard drives to forensic investigator, finding "[h]ad the Dixit defendants properly handled their discovery obligations, experts to address possible spoliation or destroying evidence would not be necessary."); *see also Rivera v. Ore Seafood, Inc.*, Case No. 10-10053-CIV-SIMONTON, 2013 U.S. Dist. LEXIS 201443, at *1 (S.D. Fla. Feb. 22, 2013) (ordering defendants to pay forensic examination costs); *Nephron Pharms. Corp. v. Husley*, Case No: 6:18-cv-1573-Orl-31LRH, 2021 U.S. Dist. Lexis 6403, *37 (M.D. Fla. Jan 12, 2021) ("Plaintiffs also request that Defendants bear the cost of any forensic investigation/preservation of documents retained by Lane in the context of her employment with Defendants . . . which the undersigned finds appropriate.").

Further, Shafer was ordered to comply with the Order "to ensure that Shafer does not tamper or destroy any other evidence relevant to this case." [D.E. 86]   RNN should not be required to pay for Shafer's compliance with the Order. Thus, Shafer should be required to bear the expenses associated with the imaging and Forensic Examination of her devices and email accounts, which now must be done to attempt to recover the evidence she intentionally spoliated.

**II.     The Expert Should Image and Examine Shafer's Cloud Storage Accounts.**

Shafer seeks clarification as to whether her email accounts to which she sent RNN confidential information and trade secrets from RNN's secure server must be imaged, searched and wiped, or whether the Order pertains solely to the imaging and wiping of RNN data saved on

her laptop and cell phone. As an initial matter, the evidence at the injunction hearing demonstrated that Shafer misappropriated RNN trade secrets and confidential information by *emailing* it to her personal gmail accounts. Additionally, the imaging of Shafer's cloud email accounts was addressed in the Court's Order [D.E. 86]:

> Laypersons are often not intricately familiar with how computers save information, and it is possible that one thinks everything has been deleted, ***when they in fact left traces of it somewhere on their device or in the cloud***.

Order [D.E. 86] at page 2 (emphasis added). The Court intentionally was broad with respect to the scope of the Forensic Examination and the definition of the term "Devices" to be imaged and searched to ensure that any type of storage in Shafer's possession that could reasonably contain RNN's confidential information and trade secrets be imaged, searched and wiped. *See* Order at page 3 (". . . and all other Devices in her possession that reasonably could contain the confidential information and trade secrets at issue") and footnote 3 ("This includes any smart phones, tablets, desktop computers, laptop computers, and disks, memory files, flash drives, hard drives, etc."). Even Shafer agreed with RNN's interpretation of the Order, at least initially, when she provided her credentials for one of her gmail accounts to the forensic expert.

Shafer testified during the injunction hearings that she routinely emailed Working and Awaiting ("W&A") spreadsheets to her personal email account on a weekly basis and indicated she should have countless W&A spreadsheets in her possession. Day 2 (84:8-13) ("I sent [a W&A spreadsheet] to myself every single week"). Thus, a Forensic Examination of Shafer's email accounts are relevant and necessary. Whether Shafer currently has any W&A spreadsheets (and what information she intentionally deleted), where she transferred them, and what other RNN information she wrongfully possesses may only be determined by a search of Shafer's email accounts. Additionally, given Shafer's claim she deleted the spreadsheets from her possession and

5

the fact that she retained them in her email account, the forensic expert will not be able to ascertain what information was deleted, and if same can be recovered, without examining Shafer's email accounts. Indeed, the very purpose of a cloud storage account is to save and maintain information remotely in the cloud (*i.e.* outside of a device's hardware). Limiting the Forensic Examination to only physical devices does not align with the purpose of the Order – to ensure that any trade secrets and confidential information in Shafer's possession is forensically preserved and then wiped from her possession.

Thus, to the extent that the Court grants Plaintiff's Motion, RNN respectfully requests that the Court clarify that the Forensic Examination should include the Shafer's devices *and* both of her cloud email accounts.

### III. The Forensic Examination should include the Rachelchap96@gmail.com Account.

The Forensic Examination also should include the rachelchap96@gmail.com email address. On March 9, 2023 – the same day Shafer emailed herself the W&A Week 10 Spreadsheet – Shafer forwarded three confidential RNN documents to the rachelchap96@gmail.com email address:

> From: Rachel Shafer
> Sent: Thursday, March 9, 2023 3:41 PM
> To: rachelchap96@gmail.com
> Subject: FW: Past TOA's -3/21/22, 4/4/22, 4/11/22

Sincerely,



Rachel Shafer
SENIOR HEALTHCARE RECRUITER
RNnetwork.

561-939-8684
866-889-5656
rachel.shafer@rnnetwork.com
www.rnnetwork.com.
4700 Exchange Court, Suite 125
Boca Raton, FL 33431

Shafer's counsel has asserted that the rachelchap96@gmail.com email address is not relevant because the email address does not belong to Shafer. Shafer's counsel has not, however, answered RNN's questions about whose email address this is and why Shafer emailed RNN confidential documents to that account on March 9, 2023. It is likely that Shafer sent other confidential and/or trade secret documents of RNN to this account that need to be recovered.

Further, Shafer has represented that the rachelchap96@gmail.com address should not be imaged and examined because the TOA documents are not trade secrets. As an initial matter, RNN maintains that the TOA spreadsheets are trade secrets, or at least, confidential. Thus, Shafer should not have these documents in her possession and should not have sent them to the rachelchap96@gmail.com email address. Further, even if the TOA documents are not trade secrets or confidential – which they are – it does not mean that Shafer did not email other trade secret protected documents to the rachelchap96@gmail.com email address. Indeed, Shafer could have emailed W&A or other client contact information to the rachelchap96@gmail.com email address. All we know for certain is that she has, in fact, emailed RNN dockets to that email address during the time she was sending RNN trade secrets to her rachel.shafer@gmail.com address.

As such, Shafer should provide credentials for the rachelchap96@gmail.com email address to the forensic expert for the account for Forensic Examination. In the alternative, Shafer should be ordered to describe with sufficient detail as to who the rachelchap96@gmail.com email address belongs, why she sent RNN documents to that individual, and to identify all other RNN documents she sent to this email address.

**IV.     Shafer's Email Accounts Should be Imaged from January 1, 2023 to the Present.**

Shafer's request to limit the Forensic Examination to the period of November 2023 to the present is not reasonable. Indeed, Shafer testified at the Injunction Hearing that she allegedly

emailed herself W&A spreadsheets between 2017 to 2023 on a weekly basis. Day 2 (84:8-13); (85:16-22). Therefore, it is necessary for the Forensic Examination to span back prior to November 2023 (when the purported deletion occurred) and prior to March 2023 (when her employment terminated). RNN has reasonably agreed to limit the imaging of Shafer's cloud storage accounts to January 1, 2023 - only two months prior to her termination as opposed to two years. The cost of imaging the account going back two months before March 2023 – or even spanning back roughly one year prior to her termination to March 2022– is essentially the same. In fact, Shafer admits that the price she was quoted to image her entire Gmail account is at most $900. Finally, if the Forensic Examination is limited to November 2023 through the present, then remnants or traces of the trade secrets Shafer admitted to misappropriating in March of 2023 will not be located in the search, defeating its purpose of locating and preserving evidence she tried to destroy. Simply put, there is no logical reason to limit the Forensic Examination to November 2023, and it is reasonable for the Forensic Examination to span back to January 1, 2023.

Thus, to the extent that the Court grants Plaintiff's request for clarification, RNN respectfully requests the Court clarify that Shafer's Gmail accounts should be imaged and searched for the period of January 1, 2023 through the present.

V. **Shafer's Reliance on *All Star Recruiting* is Misplaced.**

Shafer cites *All Star Recruiting Locums, LLC v. Ivy Staffing Sols.*, Case No. 21-CV-62221, 2022 U.S. Dist. LEXIS 66558 * 9 (S.D.Fla. Apr. 8, 2022) for the proposition that Shafer's deletion of evidence was somehow proper. Shafer's reliance on that case is misplaced. As an initial matter, the *All Star Recruiting* case did not find, as Shafer contends, that *destruction* of trade secrets without a forensic investigator is proper. To the contrary, that case ordered the

8

defendants to *return* the trade secrets to the plaintiff and then purge same from the defendants' possession. *See Id*. at *60 ("Defendants be ORDERED to . . . search of all electronic devices and remote electronic storage facilities accessible to them, and have *returned*, deleted, and purged any such information within their possession, custody, or control.") (emphasis added). Again, Shafer deleted the W&A spreadsheets and possibly their metadata without returning same to RNN and without providing any prior notice to RNN.  Further, the defendants in the *All Star Recruiting* case did not delete evidence while the matter of a forensic review was pending before the Court.  Rather, the Court found that the particular circumstances of that case warranted an order compelling the defendants to undertake a self-deletion of the trade secrets at issue.  Here, Shafer did not wait until an order was entered, and instead took it upon herself to delete the W&A spreadsheets, likely spoliating metadata and other relevant evidence in the process.  Further, the defendants in *All Star Recruiting* did not testify that they were technologically inept, as Shafer repeatedly did at the Hearing.  Day 2 (94: 18-25) ("I'm very bad on excel. . . I am an expert in recruiting, not Excel or typing of resumes").  Based on Shafer's own admissions at the Hearing, it is not reasonable that she be trusted to successfully locate and permanently wipe RNN's confidential information and trade secrets from her devices and cloud storage accounts.

Finally, unlike in *All Star Recruiting*, Shafer was under an instruction from the Court to preserve the status quo, which she violated by destroying evidence:

> Mr. Hecht, you know, right at this point some more evidence has come out, including those lists which, you know, your client's in possession of. It's probably good just to have a talk with her just so that nothing happens between now and next Tuesday in terms of more use, if there is any use of it. ***It would just be best to kind of sit on things and keep us in status quo***.

9

Day 1 (149: 3-9) (emphasis added).  Thus, Shafer's reliance on *All Star Recruiting* does not justify her behavior and does not provide any ground to limit the Forensic Examination or shift expenses to RNN.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Plaintiff, CHG Medical Staffing, Inc. d/b/a RNnetwork, respectfully requests that the Court deny Shafer's Motion, or in the alternative enter an order clarifying that (i) Shafer should pay the costs associated with the Forensic Examination (ii) the Forensic Examination should include Shafer's cloud storage email accounts, (iii) the Forensic Examination should include the rachelchap96@gmail.com email address, unless Shafer can provide sufficient detail showing that the email address does not belong to her, and (iv) the temporal scope of the Forensic Examination should be from January 1, 2023 to the present, with search terms and a forensic protocol to be agreed upon by the Parties for the forensic expert to follow, in addition to such other and further relief as the Court deems just and appropriate.

Dated: January 9, 2023

Respectfully submitted,

*/s/ Jennifer A. Schwartz*
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
Email: *jennifer.schwartz@jacksonlewis.com*
Adam Schultz, Esq.
Florida Bar No. 121111
Email: *adam.schultz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for the Plaintiff*

CASE NO. 23-61703-CIV-SINGHAL/VALLE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on January 9, 2024, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jennifer A. Schwartz*
Jennifer A. Schwartz, Esq.

## SERVICE LIST

John Cody Berman
Florida Bar No.: 58654
E-mail: *cody.german@csklegal.com*
Justin S. Maya, Esq,
Florida Bar No. 126087
E-mail: *justin.maya@csklegal.com*
Horancio Ruiz-Lugo, Esq.
Florida Bar No.:1048967
Email: *Horacio.Ruiz-Lugo@csklegal.com*
COLE, SCOTT & KISSANE, P.A.
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6415
Alternative E-mail:
*nicolle.quant@csklegal.com*
*Ieshia.ownes@csklegal.com*

*Counsel for Defendant AHS Staffing, Inc.*

Shlomo Y. Hecht, Esq.
Florida Bar No.: 127144
E-mail: *sam@hectlawpa.com*
SHOLMO Y. HECHT, P.A.
3076 N. Commerce Pkwy.
Miramar, Florida 33025
Telephone: (954) 861-0025

*Counsel for Defendant Rachel Shafer*

Jennifer Schwartz, Esq.
Florida Bar No. 502431
E-mail:  *Jennifer.schwartz@jacksonlewis.com*
Adam Schultz, Esq.
Florida Bar No. 121111
E-mail: *adam.schultz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Plaintiff*

Gregory Sconzo, Esq.
Florida Bar No.:
E-mail: *greg@sconzolawoffice.com*
SCONZO LAW OFFICE, P.A.
3825 PGA Blvd., Suite 207
Palm Beach Gardens, Florida 33410

*Counsel for Defendant Lisley Rossi*

4888-8772-1627, v. 2

11