UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61703-CIV-SINGHAL

CHG MEDICAL STAFFING, INC.,

    Plaintiff,

v.

RACHEL SHAFER et al.,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Rachel Shafer's ("Defendant" or "Shafer") Motion to Stay Pending Appeal ("Motion to Stay") (DE [99]). In the Motion to Stay, Shafer moves pursuant to Fed. R. App. P. 8(a)(1) for a stay of the Court's prior rulings on Plaintiff's Motion for Leave to File Amended Proposed Findings of Facts and Conclusions of Law (DE [86]) and the subsequent order on Defendant Shafer's Motion for Clarification (DE [96]). To put it more succinctly in Shafer's terms, she wishes to "stay the injunction pending appellate review" of the Court's two prior orders. (DE [99] at 2).

To make a point of clarification before reaching the merits of Shafer's Motion to Stay, the Court has yet to issue an order on Plaintiff's preliminary injunction motion.[1] As the Court's two prior orders make clear, the sole matter at issue in those orders—and the purpose of ordering a forensic analysis and requiring Shafer to pay for it—is because, during the pendency of a litigation, Shafer took it upon herself to delete key evidence relevant to this case. The Court's prior orders were merely trying to preserve that evidence, evidence that Plaintiff is also entitled to receive during discovery. In other

---

[1] Defendant Rachel Shafer also filed a Notice of Appeal, where she stated that she is appealing the portions of the Court's orders "related to injunctive relief." (DE [97]).

words, Shafer conflates two completely different issues. On the one hand, she attempts to conceal or destroy evidence. On the other hand, she asks for appellate review of a not yet decided issue that ultimately will be dependent upon the evidence she has concealed or destroyed.

That said, Shafer has nevertheless filed an appeal of the Court's prior orders and now also seeks a stay of those orders pending the completion of the appeal. But *again* the discovery orders are separate and apart from the petition for injunctive relief. Courts generally enjoy broad discretion in deciding how best to manage the cases before it. *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[The Eleventh Circuit] accord[s] district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). This discretion includes whether to issue a stay pending the appeal of one of its rulings. *See id.* In light of this discretion and because Shafer has not put forth a compelling case for a stay, the Court denies her request for one.[2]

In the Motion for Stay, Shafer argues that district courts should consider four factors when considering whether to issue a stay. (DE [99] at 2). Those factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). District courts are further required to assign greater weight to the first two factors. *Id.* Here, Shafer's arguments fail across the board.

---

[2] The Court understands that Plaintiff RNN has not had an opportunity to respond to Shafer's motion. Because the Court denies Shafer's request and to prevent Shafer from continuously delaying the case any longer, the Court decided to rule on the Motion to Stay expeditiously.

Plaintiff's Motion to Stay begins by arguing that there is a substantial likelihood of success on the merits. This argument is completely misplaced. Even if Shafer were to win the injunction issue, this case has numerous other issues and concealing or destroying evidence that applies to each of the issues has no place in our court system. In stating her position, Shafer relies on functionally the same arguments that she relied on in her Motion for Clarification. *Compare* (DE [89] at 4) (Shafer's Motion for Clarification where she relied on *All Star Recruiting Locums, LLC v. Ivy Staffing Sols., LLC*, 2022 WL 2340997, at *9 (S.D. Fla. Apr. 8, 2022) to show likelihood of success on the merits) *with* (DE [99]) (Shafer's Motion for stay where she also relies on the same case to prove likelihood of success on the merits). Just as the Court found these arguments unpersuasive in the context of the Motion for Clarification, it does so today.[3]

Another problem with Shafer's arguments is that she argues that she is likely to succeed on the merits of an issue that is not relevant to the Court's orders that she is appealing. As mentioned above, the Court's prior orders did not order any injunctive relief. Instead, it made a series of discovery rulings because Shafer deleted key evidence that the Court is trying to preserve.[4] Defendant Shafer could therefore have argued that the Court's discovery rulings were improper, that she was likely to succeed on those grounds on appeal, and that a stay is therefore warranted. Instead, as mentioned above,

---

[3] In the Motion to Stay Shafer is really asking the Court to reconsider its prior ruling on the Motion for Clarification. But a motion for stay is not the proper vehicle in which to do so. To the extent the Court were to even reclassify the Motion to Stay as a motion for reconsideration, Shafer's motion would still fall well short of justifying why the Court should in fact reconsider its prior rulings. *See, e.g.*, *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing how motions for reconsideration should only be granted in extraordinary circumstances justified only by a change in law or facts upon which the decision is based). Shafer has presented no change in facts or law that would warrant such a reconsideration.

[4] To the extent the Court's prior orders overlapped with the forms of relief that RNN requested in its Motion for Preliminary Injunction, it is relevant. Shafer had a duty to preserve electronically stored information ("ESI") in her possession during the pendency of a litigation. *See* Fed. R. Civ. P. 37(e) (enunciating a litigant's duty to preserve ESI and providing district courts remedies if a litigant fails to do so). Shafer, however, failed to do so.

3

she attempts to argue that she is likely to succeed on the merits of an injunctive relief motion. Since that issue does not underlie the portion of the merits that Shafer would need to demonstrate that she is likely to succeed upon on appeal, her Motion to Stay independently fails for that reason as well.[5]

In addition to not being able to demonstrate that she is likely to succeed on the relevant merits, Shafer has also not demonstrated that she would suffer irreparable harm. Shafer argues that she would suffer irreparable harm in that a forensic analysis would "expose her most intimate personal life matters and interpersonal communications to a complete stranger." It is not clear if the "complete stranger" Shafer is referring to is the forensic analyst or RNN, but either way her argument is unpersuasive as it ignores a bedrock discovery rule.

It is well known that litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In other words, if a party contains documents or evidence that is relevant to the case and it is not burdensome to produce it, the opposing party is entitled to discover it. *See id.* Absent a valid privilege claim or a demonstration that the otherwise discoverable evidence is burdensome and disproportional to the needs of the case, a party is unable to hide behind claims of privacy or intimacy to prevent discovery.[6]

---

[5] Though the Court has yet to rule on Plaintiff's Motion for Preliminary Injunction, (DE [12]), "[t]he chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Attorney Gen.*, 957 F.3d 1171, 1178 (11th Cir. 2020) (quoting *Northeastern Fla. Ch. of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)). The Court's order today and its prior orders were decided with the purpose of achieving that same goal and maintaining the status quo so the case could be properly and fairly adjudicated.

[6] To the extent the otherwise discoverable information contains sensitive or private information, upon a showing of good cause a litigant is able to file the documents under seal or redact certain information so that the public cannot review it. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

4

Here, Shafer argues that a forensic analysis of her emails and personal computer devices would reveal her most intimate details to a stranger. But to the extent it does, it is irrelevant if her emails and personal computer also contain discovery that is "relevant to any party's claim or defense and proportional to the needs of the case." *See id.* Since nowhere in her Motion to Stay does Shafer claim a privilege or that production is burdensome and disproportional to the needs of the case, Shafer has essentially provided no grounds for why RNN would not otherwise be entitled to discover this information during the discovery phase of this case. And if Shafer would eventually have to disclose this information to RNN, it does not seem possible for Shafer to be able to make a compelling argument today that it would suffer *irreparable* harm by disclosing it now.

To be sure, the Court's prior order providing for the forensic analysis does not give the forensic expert carte blanche access to Shafer's email, computer, and personal effects to go rummaging around. The order was tailored so that the scope of the examination would no greater than necessary for what RNN would need to ensure that Shafer no longer possesses the Working and Awaiting files and that relevant evidence is not destroyed for good. Specifically, the order was to conduct a forensic analysis with the "temporal scope . . . from January 1, 2023, to the present, with search terms and a forensic protocol for the forensic expert to follow to be agreed upon by the Parties." (DE [96] at 2). In light of the rules of discovery and the order only permitting reasonable searches for documents relevant to this case, Shafer has not demonstrated that she would suffer irreparable harm absent a stay of the Court's prior rulings.

Because the first two factors weigh against granting the stay, and courts are to assign greater weight to these two factors, and because the last two factors generally tilt

5

in the favor of the party opposing the stay, it is unnecessary to address the third and fourth *Swain* factors. *See Swain*, 958 F.3d at 1088. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Stay (DE [99]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 21st day of February 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF